## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

———————————————————— x

IN RE COLLINS & AIKMAN CORPORATION   :    Civil Action No. 2:03-cv-71173-GER
SECURITIES LITIGATION           :
                                    :    Hon. Gerald E. Rosen
                                    :
THIS DOCUMENT RELATES TO:       :
    ALL ACTIONS                    :
                                    :

———————————————————— x

## PRELIMINARY ORDER FOR NOTICE AND HEARING IN CONNECTION
## WITH SETTLEMENT PROCEEDINGS

WHEREAS, on March 17, 2009, the parties to the above-entitled action (the "Action") entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Complaint on the merits and with prejudice; and the Court having read and considered the Stipulation and the accompanying documents; and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Fairness Hearing described below.

2.     Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, this Action is hereby preliminarily certified as a class

action on behalf of all those who purchased the common stock of Collins & Aikman during the period from August 7, 2001 through August 5, 2002, inclusive.  Excluded from the Class are the Defendants, past or present directors and officers of C&A, members of their immediate families, parents, subsidiaries and affiliates of C&A, and their legal representatives, heirs, successors or assigns and any entity in which any Defendant has or has had a controlling interest. Also excluded from the Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.  "Class Member" means a member of the Class.

3.      For purposes of this Order only, the Court preliminarily finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:  (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the named representatives are typical of the claims of the Class they seek to represent; (d) the Lead Plaintiffs will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs Massachusetts State Carpenters Pension Fund, Massachusetts State Guaranteed Annuity Fund and Harold Holder are preliminarily certified as Class Representatives.

5.      A hearing (the "Settlement Fairness Hearing") pursuant to Rule 23(e) of the

Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on **July 27,**

**2009, at 3:00 p.m**. for the following purposes:

(a)      to finally determine whether this Action satisfies the applicable

prerequisites for class action treatment under Rules 23(a) and (b) of the Federal Rules of Civil

Procedure;

(b)      to determine whether the proposed Settlement is fair, reasonable, and

adequate, and should be approved by the Court;

(c)      to determine whether the Order and Final Judgment as provided under the

Stipulation should be entered, dismissing the Complaint filed herein, on the merits and with

prejudice, and to determine whether the release by the Releasors of the Settled Claims, as set

forth in the Stipulation, should be provided to the Released Parties;

(d)      to determine whether the proposed Plan of Allocation for the proceeds of

the Settlement is fair and reasonable, and should be approved by the Court;

(e)      to consider Plaintiffs' Counsel's application for an award of attorneys'

fees and expenses; and

(f)      to rule upon such other matters as the Court may deem appropriate.

6.      The Settlement Fairness Hearing may be adjourned by the Court without notice to

the Class other than by an announcement of the adjournment at the scheduled time of the

Settlement Fairness Hearing, or at the scheduled time of any adjournment of the Settlement

Fairness Hearing.  The Court may consider modifications of the Settlement (with the consent of
Lead Plaintiffs and the Defendants) without further notice to the Class.

7.     The Court reserves the right to approve the Settlement with or without
modification and with or without further notice of any kind.  The Court further reserves the right
to enter its Order and Final Judgment approving the Stipulation and dismissing the Complaint on
the merits and with prejudice regardless of whether it has approved the Plan of Allocation or
awarded attorneys' fees and expenses.

8.     The Court approves the form, substance and requirements of the Notice of
Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement
Fairness Hearing (the "Notice") and the Proof of Claim form, annexed hereto as Exhibits 1 and 2
respectively.

9.     The Court approves the Plaintiffs' Lead Counsel's selection of, and hereby
appoints, The Garden City Group, Inc. to act as the Claims Administrator.  The Claims
Administrator, under the supervision of Plaintiffs' Lead Counsel, shall cause the Notice and the
Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail,
postage prepaid, on or before **April 27, 2009**, to all Class Members who can be identified with
reasonable effort.  The Claims Administrator shall use reasonable efforts to give notice to
nominee owners such as brokerage firms and other persons or entities who purchased C&A
common stock during the Class Period as record owners but not as beneficial owners.  Such
nominee purchasers are directed, within seven (7) days of their receipt of the Notice, (a) to
provide the Claims Administrator with lists of the names and addresses of the beneficial owners,
and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such

identified beneficial owners; or (b) to request additional copies of the Notice and Proof of Claim from the Claims Administrator and within seven (7) days of receipt of the copies of the Notices and Proof of Claim forms from the Claims Administrator to mail the Notice and Proof of Claim to the beneficial owners. Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Gross Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notices and Proofs of Claim to beneficial owners. Plaintiffs' Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

10.     The Court approves the form of Publication Notice of the pendency of this class action and the proposed settlement in substantially the form and content annexed hereto as Exhibit 3 and directs that Plaintiffs' Lead Counsel shall cause the Publication Notice to be published in the national edition of *The Wall Street Journal* and to be transmitted over *Business Wire* within ten days of the mailing of the Notice. Plaintiffs' Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of publication of the Published Notice.

11.     The form and content of the Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

- 5 -

12.     In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a)     A properly executed Proof of Claim (the "Proof of Claim"), substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than **August 24, 2009.**  Such deadline may be further extended by Court Order.  Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund.  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

(b)     The Proof of Claim submitted by each Class Member must satisfy the following conditions:  (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Plaintiffs' Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

- 6 -

(c)     As part of the Proof of Claim, each Class Member shall submit to the sole and exclusive jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Settled Claims as provided in the Stipulation.

13.     Any member of the Class who does not submit a Proof of Claim form in the manner stated in this Order shall be deemed to have waived his, her or its right to share in the Net Settlement Fund, and shall forever be barred from sharing in the Net Settlement Fund.  Any such member of the Class, however, in all other respects shall be subject to and bound by all of the terms of the Settlement, including the terms of the Stipulation, the Order and Final Judgment and the releases provided for by the Stipulation and the Order and Final Judgment unless such member of the Class has submitted a request to be excluded from the Class in the manner required by this Order.

14.     Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided.  A Class Member wishing to make such request shall mail the request in written form by first class mail postmarked no later than **July 7, 2009** to the address designated in the Notice.  Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Class in the Collins & Aikman Securities Litigation, and must be signed by such person.  Such persons requesting exclusion are also directed to state:  the date(s), price(s), and number(s) of shares of all purchases and sales of C&A common stock during the Class Period, and the number of shares of C&A common stock still held as of the close of trading on August 5, 2002.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise

accepted by the Court. Upon receiving any request(s) for exclusion pursuant to the Notice, the Claims Administrator shall promptly notify Plaintiffs' Lead Counsel and counsel for Defendants of such request(s) for exclusion.

15.     Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

16.     Any Class Member may be heard and/or appear at the Settlement Fairness Hearing to show cause why the proposed Settlement should not be approved as fair, reasonable and adequate and why the Order and Final Judgment should not be entered thereon; why the proposed plan of allocation should not be approved as fair, reasonable and adequate; or why Plaintiffs' Lead Counsel should not be awarded attorneys' fees and payments of expenses in the amounts sought by Plaintiffs' Lead Counsel; provided, however, that no Class Member shall be heard or be entitled to contest the approval of the terms and conditions of the proposed Settlement, the Order and Final Judgment to be entered, the proposed plan of allocation or Plaintiffs' Lead Counsel's application for an award of attorneys' fees and payment of expenses, unless on or before **July 7, 2009**, the Class Member has served by hand or by first-class mail written objections and copies of any supporting papers and briefs (which must contain proof of ownership of C&A shares during the Class Period) upon Barry A. Weprin, Esq., Milberg LLP, One Penn Plaza, New York, NY 10119-0165, on behalf of the Lead Plaintiffs and the Class; and Jonathan J. Lerner, Esq., Skadden Arps Slate Meagher & Flom LLP, Four Times Square, New York, NY 10036 on behalf of the Defendants, and has filed the objections, papers and briefs showing due proof of service upon all counsel identified above with the Clerk of the Court, United States District Court for the Eastern District of Michigan, United States Courthouse, 231 West Lafayette Blvd., Detroit, MI 48226. Attendance at the hearing is not necessary; however,

persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

17.     Any Class Member who does not object to the Settlement and/or the Plan of Allocation and/or the adequacy of representation and/or Plaintiffs' Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses in the manner prescribed in the Notice shall be deemed forever to have waived such objection and shall forever be barred from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, the adequacy of representation or the application by Plaintiffs' Lead Counsel for an award of attorneys' fees and reimbursement of expenses or from otherwise being heard concerning these subjects in this or any other proceeding.  Pending final determination of whether the Settlement should be approved, the Plaintiffs, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Settled Claims against any Released Party.  Pending the Settlement Fairness Hearing, the Court stays all proceedings in the Action, other than those proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.

18.     This Order, the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order and the Settlement, shall not constitute evidence, or an admission by any of the Defendants or the other Released Parties, that any acts of wrongdoing have or have not been committed and shall not be deemed to create any inference that there is or is not any liability on the part of any of the Defendants or any other Released Parties.  This Order, the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order and the Settlement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration tribunal, or other forum of any kind or character in the United States or any other country except as necessary to enforce the terms of this Order and/or the Settlement.

19.     As provided in the Stipulation, Plaintiffs' Lead Counsel may pay the Claims Administrator the reasonable fees and costs associated with giving notice to the Class and the review of claims and administration of the Settlement out of the Gross Settlement Fund without further order of the Court.

20.     If:  (a) the Settlement is terminated by Defendants pursuant to ¶ 28 of the Stipulation; or (b) any specified condition to the Settlement set forth in the Stipulation is not satisfied and Plaintiffs' Lead Counsel or Defendants' Counsel elect to terminate the Settlement as provided in ¶ 30 of the Stipulation, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Preliminary Order certifying the Class, the Class Representatives and Class Counsel for purposes of the Settlement shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to

- 10 -

in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed as of October 6, 2008.

     21.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated:   April 3, 2009

s/Gerald E. Rosen
Chief Judge, UNITED STATES DISTRICT Court
