UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

―――――――――――――――――――――――― x
IN RE COLLINS & AIKMAN CORPORATION      :   Civil Action No. 2:03-cv-71173-GER
SECURITIES LITIGATION                   :
                                        :   Hon. Gerald E. Rosen
                                        :
THIS DOCUMENT RELATES TO:               :
    ALL ACTIONS                         :
                                        :
―――――――――――――――――――――――― x

## ORDER APPROVING PLAN OF ALLOCATION AND AWARDING ATTORNEYS' FEES AND EXPENSES

On the 27th day of July, 2009, a hearing having been held before this Court to consider, among other things: (1) the Lead Plaintiffs' Plan of Allocation of Net Settlement Fund Among Class Members (the "Plan") for the allocation of the settlement proceeds among the members of the Class; (2) whether and in what amount to award Plaintiffs' Counsel's fees and reimbursement of expenses; and (3) the fairness and reasonableness of the Plan, Plaintiffs' Counsel's fees and reimbursement of expenses.

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased the common stock of Collins & Aikman Corporation ("C&A" or "Collins & Aikman") during the period from August 7, 2001 through August 5, 2002 inclusive (the "Class Period"), except those persons or entities excluded from the definition of the Class, as shown by the records of C&A's transfer agent, at the respective addresses set forth in such records and including those additional members of the Class identified by nominee owners to the Claims Administrator as set forth in the Affidavit of Jose C. Fraga Re: (A) Mailing of the Notice and the Proof of Claim; and (B) Report on Requests

for Exclusion Received (the "Fraga Aff.") dated July 17, 2009, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of *The Wall Street Journal* and transmitted over *Business Wire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Plan is APPROVED as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Settlement in accordance with its terms and provisions and to utilize the Plan as the basis for calculating the Proofs of Claim submitted by Class Members in connection with the Settlement in this Action.

2. The Court finds and concludes that the Plan is fair and reasonable to the Class Members. The court further finds that the Plan is rationally based on the market prices of C&A common stock during the Class Period and on the damages potentially attributable to Defendants on the claims asserted in the Action.

3. Plaintiffs' Counsel are hereby awarded $2,500,000 (an amount constituting approximately 23.1% of the Gross Settlement Fund) in fees, which amount the Court finds to be fair and reasonable, and $101,736.77 in reimbursement of expenses, which fees and expenses shall be paid to Plaintiffs' Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

4. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a) the settlement has created a fund of $10.8 million in cash that is already on deposit, plus interest thereon, and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Plaintiffs' Counsel;

(b) Over 10,000 copies of the Notice were disseminated to putative Class Members indicating that Plaintiffs' Counsel were moving for attorneys' fees in the amount of up to thirty percent (30%) of the Gross Settlement Fund and for reimbursement of expenses in an amount of up to $200,000 and no objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Plaintiffs' Counsel contained in the Notice;

(c) Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d) The action involves complex factual and legal issues and was actively prosecuted over five (5) years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e) Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the Class may have recovered less or nothing from the Defendants;

(f) Plaintiffs' Counsel have devoted over 3,800 hours, with a lodestar value of $1,857,785.00, to achieve the Settlement; and

      (g)      The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

      5.      The finality of the Judgment entered with respect to the Settlement between Lead Plaintiffs and Defendants shall not be affected in any manner by this Order, or any appeal from this Order.

      6.      The notice described herein provided the best notice practicable under the circumstances.  Said notice provided due and adequate notice of these proceedings and the matters set forth therein, including the Plan and the request for attorneys' fees and reimbursement of expenses, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.

      s/Gerald E. Rosen
      Chief Judge, United States District Court

Dated:  July 30, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 30, 2009, by electronic and/or ordinary mail.

      s/Ruth Brissaud
      Case Manager