UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

———————————————————— x
IN RE COLLINS & AIKMAN CORPORATION  :  Civil Action No. 2:03-cv-71173-GER
SECURITIES LITIGATION               :
                                    :  Hon. Gerald E. Rosen
                                    :
THIS DOCUMENT RELATES TO:           :
    ALL ACTIONS                     :
                                    :
———————————————————— x

# ORDER AND FINAL JUDGMENT

On the 27th day of July, 2009, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated March 17, 2009 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Class against the Defendants in the Complaint now pending in this Court under the above caption, including the release of the Defendants and the Released Parties, and should be approved; and (2) whether judgment should be entered dismissing the Action on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased the common stock of Collins & Aikman Corporation ("C&A" or "Collins & Aikman") during the period from August 7, 2001 through August 5, 2002 inclusive (the "Class Period"), except those persons or entities excluded from the definition of the Class, as shown by the records of C&A's transfer agent, at the respective addresses set forth in such records and including those additional members of the Class identified

by nominee owners to the Claims Administrator as set forth in the Affidavit of Jose C. Fraga Re: (A) Mailing of the Notice and the Proof of Claim; and (B) Report on Requests for Exclusion Received (the "Fraga Affidavit"), dated July 17, 2009, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of *The Wall Street Journal* and transmitted over *Business Wire* pursuant to the specifications of the Court; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.  The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiffs, all Class Members, and the Defendants.

2.  For purposes of this Settlement, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23 (a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives and Plaintiffs' Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement, this Court hereby finally certifies this action as a class action on behalf of all

those who purchased the common stock of Collins & Aikman during the period from August 7, 2001 through August 5, 2002, inclusive.  Excluded from the Class are the Defendants, past or present directors and officers of C&A, members of their immediate families, parents, subsidiaries and affiliates of C&A, and their legal representatives, heirs, successors or assigns and any entity in which any Defendant has or has had a controlling interest.  No timely and valid requests for exclusion from the Class were received.

4.      For purposes of this Settlement, pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies Lead Plaintiffs Massachusetts State Carpenters Pension Fund, Massachusetts State Guaranteed Annuity Fund and Harold Holder as Class Representatives.

5.      As set forth in the Fraga Affidavit, notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort.  The Court finds and concludes that notice was given to members of the Class in compliance with the Court's Preliminary Approval Order.  The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

6. The Court finds and concludes that the Settlement is fair, reasonable and adequate and in the best interests of the Class, approves the Settlement, adopts the terms of the Settlement, and directs the parties to consummate the Settlement in accordance with its terms and provisions

7. Pursuant to this Order and Final Judgment, upon the Effective Date of the Settlement, the Releasors shall forever release and discharge, and shall forever be enjoined from prosecuting, any and all Settled Claims against any of the Released Parties.

8. Pursuant to this Order and Final Judgment, upon the Effective Date of the Settlement, the Defendants shall forever release and discharge, and shall forever be enjoined from prosecuting, any and all Settled Defendants' Claims against Lead Plaintiffs, their attorneys and all other Class Members.

9. Neither this Order and Final Judgment, the Stipulation, nor any of its terms, provisions and exhibits, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against any of the Released Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any other litigation or proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of any of the Released Parties;

      (b)    offered or received against any of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Parties;

      (c)    offered or received against any of the Released Parties as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Released Parties, in any other civil, criminal administrative or other proceeding, other than such proceedings as may be necessary to effectuate or enforce the provisions of the Stipulation; provided, however, that any of the Released Parties may refer to it to effectuate or enforce the releases or any other rights, terms or provisions set forth therein, and to that end may use the Stipulation or this Order and Final Judgment in any action or other proceeding to support a defense, claim, counter-claim or cross-claim based on principles of contract law, res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or similar principle, claim, defense, counter-claim or cross-claim;

      (d)    construed against any of the Released Parties as a presumption, concession or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

      (e)    construed as or received in evidence as a presumption, concession or admission against Lead Plaintiffs or any of the other Class Members that any of their claims are without merit, or that any defenses asserted by any of the Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund.

10.     The Court permanently bars and enjoins the Lead Plaintiffs, the Class and all other Releasors from commencing or prosecuting, either directly or indirectly, any Settled Claims in this or any other forum against any or all of the Released Parties.

11.     Pursuant to Section 21D(f)(7)(A) of the Securities Exchange Act of 1934, as amended by the PSLRA, 15 U.S.C. § 78u-4(f)(7)(a), the Court permanently bars and enjoins any person from bringing a claim for contribution arising out of the Action (i) by any person against any or all of the Defendants, and (ii) by any Defendant against any person, other than a person whose liability has been extinguished by the Settlement.

12.     The Court dismisses the Action against the Defendants with prejudice and without costs except as provided for in this Order and Final Judgment.

13.     The Court finds and concludes, pursuant to Section 27(c)(1) of the Securities Act of 1933 and Section 21D(c)(1) of the Securities Exchange Act of 1934, as amended by the PSLRA, 15 U.S.C. §§ 77z-1(c)(1), 78u-4(c)(1), that Plaintiffs, Plaintiffs' Counsel, Defendants and Defendants' Counsel have complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any Complaint, responsive pleading, or dispositive motion.

14.     This Order and Final Judgment, the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order and Final Judgment and the Settlement, shall not constitute any evidence, or an admission by any of the Defendants or the other Released Parties, that any acts of wrongdoing have been committed and shall not be deemed to create any inference that there is any liability on the part of any of the Defendants or the other Released Parties.

15. The Order and Final Judgment, the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order and Final Judgment and the Settlement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration tribunal, or other forum of any kind or character in the United States or any other country except as necessary to enforce the terms of the Order and Final Judgment and/or the Settlement.

16. In the event that the Settlement fails to become effective in accordance with its terms, or if this Order and Final Judgment is reversed, vacated, or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the Settlement), this Order and Final Judgment (except this Paragraph) shall be null and void, the Settlement (except Paragraphs [31 and 32] of the Stipulation) shall be deemed terminated, and the parties shall return to their pre-settlement positions as provided for in the Stipulation.

17. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the consideration of the Plan of Allocation, and Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of expenses, and for the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, including, without limitation, any question whether a claim asserted by any Class Member under ERISA arises out of the identical factual predicates as asserted in this Action is a "Settled Claim" released by all Class Members, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

18. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19. There is no just reason for delay in the entry of this Order, and immediate entry of this Order by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

                                      s/Gerald E. Rosen
                                      Chief Judge, United States District Court

Dated: July 30, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 30, 2009, by electronic and/or ordinary mail.

                                      s/Ruth Brissaud
                                      Case Manager